## Case No. 10,028.

### The NASSAU.

[Blatchf. Pr. Cas. 665.] [1]

Circuit Court, S. D. New York. Nov. 18, 1863. [2]

PRIZE—BY WHAT AUTHORITY SEIZED—HOW HELD —LIENS.

1. Property seized as prize of war under the law of nations is discharged from all latent liens or incumbrances, and in this respect is distinguishable from property seized as forfeited under the municipal laws of a state.

___

[1] [Reported by Samuel Blatchford, Esq.]
[2] [Affirmed in 4 Wall. (71 U. S.) 634.]

2. Vessels and cargoes seized for a violation of the laws of blockade, or as enemy property, are prize of war under the law of nations, and not under municipal authority.

3. Decree of the district court, refusing to recognize a lien upon the vessel for repairs made and materials furnished prior to the war, affirmed.

[Appeal from the district court of the United States for the Southern district of New York.]

In admiralty.

NELSON, Circuit Justice. The Nassau was captured on the 28th of May, 1862, by the steamer State of Georgia, while attempting to break the blockade of the port of Wilmington, North Carolina. The vessel has been sold [Case No. 10,026], and a great portion of the cargo, consisting of arms and military equipments, has been appraised and turned over to the government. Harlan and others intervened in the court below, and claimed a lien upon the vessel as material men, and for repairs made upon her at their yard in Wilmington, in the state of Delaware, in the summer of 1860. The amount claimed is some $10,000 and upwards. It is admitted that property seized as prize of war, under the law of nations, is discharged from all latent liens or incumbrances, and, in this respect, is distinguishable from property seized as forfeited under the municipal laws of a state. The learned counsel for the claimants has, with great industry and ability, sought to bring the case of the seizure of the Nassau within the latter category; but, after the judgment of the court in the case of The Hiawatha [Case No. 6,451], and especially after a state of civil war was recognized by the war-making power under the constitution, there can be no well-founded doubt that vessels and cargoes seized for a violation of the laws of blockade, or as enemy property, are prize of war under the law of nations, and not under municipal authority. This vessel was, as we have seen, captured as late as May, 1862. The case of the claimants is, no doubt, a hard one. The remedy, however, is not in the courts, but in an appeal to the government, in whose hands are the proceeds of the vessel. Decree below affirmed. [Case No. 6,067.]

[The decree in this case was affirmed upon appeal to the supreme court. 4 Wall. (71 U. S.) 634. See note to Case No. 10,026.]